UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYESHA MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY OF TUKWILA, *et al.*,<br><br>    Defendants. | Case No.  C12-238RSL<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendants' "Motion for Summary Judgment on False Arrest, NIED and 8th Amendment" (Dkt. # 20). For the reasons set forth below, the Court GRANTS Defendants' motion IN PART.[1]

## I. BACKGROUND

This case concerns Ms. Myesha Mitchell's claims against Defendant City of Tukwila and Defendant Steve Gurr, a Tukwila police officer, for damages related to Mr. Gurr's alleged use of unreasonable force against Ms. Mitchell on February 5, 2010. Dkt. # 1; accord Dkt. # 26.  Specifically, Ms. Mitchell alleges that Officer Gurr stopped

---

[1] The Court also GRANTS Plaintiff's motion (Dkt. # 25) to accept the late filing of her opposition.  The Court notes, however, that it is entirely unsympathetic to her counsel's assertion that he is somehow not to blame for his own failure to update his own e-mail address. It also cannot fathom how counsel's stated unavailability from June 28, 2012, to July 13, 2012, see Dkt. # 18, has any bearing on his ability to timely respond to Defendants' motion, which was filed July 19, 2012.

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

her without justification after she left her vehicle parked in front of a stranger's house, Dkt. # 26 at 2, and tased her without justification "again and again," id. at 3, before placing her under arrest, Dkt. # 1 at ¶ 4.8. She asserts claims for false arrest and imprisonment under state and federal law, negligent and intentional infliction of emotional distress, excessive force in violation of the Fourth Amendment, cruel and unusual punishment in violation of the Eighth Amendment, a due process violation in violation of the Fifth Amendment, assault and battery, and negligence. Dkt. # 1 at 6–9.

## II.  DISCUSSION

The Court can enter judgment as a matter of law only if it is satisfied that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c).  The moving party as to each issue bears the initial burden of informing the Court of the basis for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  It must prove each and every element of its claims or defenses such that "no reasonable jury could find otherwise." Eli Lilly & Co. v. Barr Labs., Inc., 251 F.3d 955, 962 (Fed. Cir. 2001).  In doing so, it is entitled to rely on nothing more than the pleading themselves. Celotex, 477 U.S. at 322–24.  Only once the moving party makes that initial showing does the burden shifts to the nonmoving party to show by affidavits, depositions, answers to interrogatories, admissions, or other evidence that summary judgment is not warranted because a genuine issue of material fact exists. Id. at 324.

Notably, to be material, the fact must be one that bears on the outcome of the case.  A genuine issue exists only if the evidence is such that a reasonable trier of fact could resolve the dispute in favor of the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." Id. at 249–50.  In reviewing the evidence "the court must draw all reasonable inferences in favor of the

nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000).

With these standards in mind, the Court turns to each of the disputed claims.

**A.  False Arrest and Imprisonment**

The Court starts with Defendants' contention that it is entitled to judgment as a matter of law on Ms. Mitchell's federal and state false arrest and imprisonment claims.

Defendants' position is straightforward.  See Dkt. # 20 at 6.  They correctly note that "[t]he existence of probable cause is a complete defense to an action for false arrest, false imprisonment, or malicious prosecution," McBride v. Walla Walla Cnty., 95 Wn. App. 33, 38 (1999)); see Pierson v. Ray, 386 U.S. 547, 555 (1967) ("[A] peace officer who arrests someone with probable cause is not liable for false arrest . . . ."); Bender v. City of Seattle, 99 Wn.2d 582, 603 (1983) (Dimmick, J., concurring) ("As indicated by the majority, it is well established that the causes of action for malicious prosecution and false arrest require that plaintiff prove want of probable cause and malice."), and they point out that, through her attorney, Ms. Mitchell stipulated to the existence of probable cause in state court, see Dkt. # 29 at 9–10; Dkt. # 30 (Exhibit 6).

In response, Ms. Mitchell argues three points.  First, she asks the Court to allow her additional time pursuant to Federal Rule of Civil Procedure 56(d) to obtain more discovery concerning the circumstances under which she was arrested.[2]  Dkt. # 24 at 11–12.  Second, her counsel suggests that she may not have stipulated at all.  Id. at 13.  And, third, she argues that the Court must scrutinize the validity of her stipulation as it would a "release-dismissal agreement."  Id. at 13–14.  The Court disagrees.

First, Ms. Mitchell has failed to demonstrate entitlement to a Rule 56(d) continuance.  Though the Ninth Circuit has made clear that "[a] party requesting a

---

[2] Ms. Mitchell's counsel actually makes his request pursuant to Rule 56(f).  The Court notes for his benefit that the Rule was amended nearly two years ago.

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment," Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006),[3] Ms. Mitchell has not submitted any affidavit in support of her request. See Dkt. # 24; Dkt. # 26 (no reference of request to continue); Dkt. # 27 (same). That failure alone justifies the Court's denial of her request. Kitsap, 314 F.3d at 1000 ("Failure to comply with these requirements is a proper ground for denying relief."); Campbell, 138 F.3d at 779 (same).

  Furthermore, the Court notes that even were it to rely on the "[r]eferences in [Ms. Mitchell's] memoranda," it would still find that Ms. Mitchell has failed to demonstrate cause for continuance. See Tatum, 441 F.3d at 1100. Rather than identifying the "specific facts that further discovery would reveal," id., she proposes only a broad fishing expedition, noting her desire to discover "[a]ny and all video surveillance . . . , [a]ny and all records . . . , [a]ny and all audio recordings . . . ," etc. Dkt. # 24 at 12. This request is both non-specific and entirely speculative—each an independent basis for denying her request. See Campbell, 138 F.3d at 779–80 ("'[D]enial of a Rule 56([d]) application is proper where it is clear that the evidence sought is almost certainly . . . pure speculation.'" (quoting Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991)). Each broad topic is also completely unrelated to the singular fact at issue: Ms. Mitchell's alleged factual stipulation. See id. (affirming the denial of a Rule 56(d) motion because "the facts that the defendants hope to elicit during discovery are not essential to resisting California's summary adjudication motion").

---

[3] Accord United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002) ("The facts supporting a Rule 56([d]) motion must be set forth in an accompanying affidavit."). "References in memoranda and declarations to a need for discovery do not qualify as motions" for discovery under the summary judgment rule. State of Cal. *ex rel.* Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4

Next, the Court finds no merit in Ms. Mitchell's equivocation about whether she did in fact stipulate to the existence of probable cause. The Court thinks it worthwhile to note that, in her affidavit, Ms. Mitchell does not dispute any of Defendants' contentions regarding the state court's multiple findings of probable cause or her own stipulation. Dkt. # 26. And there appears to be good reason. Defendants have provided the Court with multiple state court documents reflecting findings of probable cause, as well as audio recordings of an additional finding and Ms. Mitchell's stipulation. See Dkt. # 30. Accordingly, because counsel's argument is not evidence, the Court finds that Ms. Mitchell has failed to raise any genuine issue as to either the state court findings or her stipulation. Celotex, 477 U.S. at 324.

Finally, the Court sees no reason not to hold Ms. Mitchell to her stipulation. See Dkt. # 30 (audio recording). The Ninth Circuit has "repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority." United States v. Hernandez-Hernandez, 431 F.3d 1212, 1219 (9th Cir. 2005); Del Monte v. Cnty. of San Diego, Civil No. 06cv872-L(WMc), 2008 WL 3540245, at *3 (S.D. Cal. 2008) ("Because of the stipulation as to probable cause in the state court criminal case, plaintiffs' claim based upon wrongful arrest must be dismissed with prejudice."). The same is true of Washington courts. Torrey v. City of Tukwila, 76 Wn. App. 32, 40 (1994) (holding that plaintiffs' "stipulations as to probable cause for arrest would defeat any independent state claim for false arrest").

Moreover, Ms. Mitchell's reliance on Lynch v. City of Alhambra, 880 F.2d 1122, 1126–29 (9th Cir. 1989), is misplaced. As its name should suggest, application of the "release-dismissal agreement" doctrine is dependent on the existence of some sort of release-dismissal agreement. See id. at 1124 ("The only issue in this appeal is whether the release signed by Lynch is enforceable."); see also Town of Newton v. Rumery, 480 U.S. 386, 392 (1987) (applying contract law principles to determine whether a waiver of

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5

a federal right to sue was unenforceable).  And in this case, Ms. Mitchell has not presented any evidence that would allow the Court even to infer that her stipulation was the result of some sort of dismissal agreement.  To the contrary, as discussed, Ms. Mitchell filed only a single affidavit in support of her opposition to Defendants' motion.  <u>See</u> Dkt. # 26.  And that affidavit makes no mention whatsoever of any stipulation, let alone any underlying agreement.  <u>See</u> <u>id.</u>  Accordingly, Ms. Mitchell has failed to raise a genuine factual issue as to the applicability of the doctrine, and therefore, Defendants are entitled to summary judgment on her false arrest and false imprisonment claims.

**B.  Negligent Infliction of Emotional Distress**

The Court next considers Defendants' assertion that Washington's public duty doctrine precludes Ms. Mitchell's claim against Officer Gurr for negligent infliction of emotional distress.  It finds that it does not.

"Under the public duty doctrine, a plaintiff alleging negligence against a government entity must show that a duty was owed specifically to the plaintiff, not to the public in general."  <u>Munich v. Skagit Emergency Commc'ns Ctr.</u>, 161 Wn. App. 116, 121 (2011).  The doctrine is subject to an important limit, however.  It "provides only that an individual has no cause of action against law enforcement officials for failure to act."  <u>Robb v. City of Seattle</u>, 159 Wn. App. 133, 146–47 (2010).  It does not protect officers being sued for negligence on account of an affirmative act.  <u>Id.</u>; <u>Coffel v. Clallam Cnty.</u>, 47 Wn. App. 397, 403 (1987) ("The doctrine provides only that an individual has no cause of action against law enforcement officials for failure to act.  Certainly if the officers do act, they have a duty to act with reasonable care.").

In this case, Ms. Mitchel's claim is premised on her tasering by Officer Gurr.  Dkt. # 1 at ¶ 7.2.  This is an affirmative act to which the public duty doctrine does not apply.  <u>Robb</u>, 159 Wn. App. 146–47 (rejecting the contention that "the duty of a governmental actor is determined solely by resort to the public duty doctrine and the

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 6

four recognized exceptions"). Accordingly, the Court DENIES Defendants' public-duty based argument for the dismissal of this claim. See Garnett v. City of Bellevue, 59 Wn. App. 281, 286–87 (1990) (recognizing a cause of action against police officers for negligent infliction of emotional distress).

**C. Eighth Amendment**

Ms. Mitchell concedes that her claim under the Eighth Amendment is invalid and should be dismissed. Dkt. # 24 at 2 n.3. Accordingly, the Court GRANTS Defendants' motion as to that claim.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS Defendants' motion IN PART. It DISMISSES Ms. Mitchell's state and federal claims for false arrest and imprisonment and for any alleged violation of the Eighth Amendment. It DENIES, however, Defendants' motion as to her negligent infliction of emotional distress claim.

Finally, the Court also thinks it is important to note that it is troubled by the inconsistencies between Ms. Mitchell's declaration, Dkt. # 26, and her responses to Defendants' request for admission. See Dkt. # 29 at 3–6 (detailing the inconsistencies). It notes for her and her counsel's benefit that both are subject to sanction under Federal Rule of Civil Procedure 26(g)(3) for disclosures that are not "complete and correct at the time made." It encourages them to consider whether a correction is warranted, see Fed. R. Civ. P. 26(e), assuming of course that she has not already admitted each by virtue of her tardy response. See Dkt. # 29 at 5 n.5 (noting Fed. R. Civ. P. 36(a)(3)).

DATED this 24th day of September, 2012.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANTS' MOTION
FOR PARTIAL SUMMARY JUDGMENT - 7