1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

MYESHA MITCHELL,

          Plaintiff,

    v.

THE CITY OF TUKWILA, *et al.*,

          Defendants.

Case No.  C12-238RSL

ORDER GRANTING
DEFENDANT'S MOTION
FOR PARTIAL SUMMARY
JUDGMENT

14

15

16

      This matter comes before the Court on defendant City of Tukwila's "Motion for Summary Judgment on § 1983" (Dkt. # 35).  For the reasons set forth below, the Court GRANTS defendant's motion.

17

## I. DISCUSSION

18

19

20

21

22

23

24

25

      The background facts of this case are set forth in the Court's prior order granting in part defendants' motion for partial summary judgment (Dkt. # 33) and will not be repeated here.  Rather, this order will focus on facts relevant to plaintiff's claim under 42 U.S.C. § 1983 ("Section 1983") claim against the City of Tukwila (the "City").  Plaintiff alleges that the City has a custom of "permitting officers to abuse detainees and in fact assisted in covering up the wrongful conduct of its officers,"  Dkt. # 1 ¶ 4.13.  Plaintiff also contends that the City maintains "a policy of violating individual civil and constitutional rights," id. ¶ 4.14, and a policy and practice of "fail[ing] to adequately

26

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 1

discipline, train or otherwise direct police officers concerning the rights of citizens," id.
¶ 5.4.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id.

**A. Plaintiff's Request for Continuance**

As an initial matter, plaintiff presents a vague request to continue defendant's summary judgment motion to allow her "the opportunity to review Defendant's responses to [her] discovery requests," Dkt. # 36 at 10, and "further explore the issue of the missing video or audio, rather than having summary judgment dismissal of her case," id. at 9. These unspecified requests are insufficient to justify a continuance. See, e.g., Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 2

specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). Although plaintiff has attached her discovery requests as Exhibit C to her responsive memorandum, she has not submitted an affidavit showing that "for specific reasons, [she] cannot present facts essential to justify [her] position." Fed. R. Civ. P. 56(d). As the Court stated in its prior order, that failure alone justifies the Court's denial of her request. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002) ("Failure to comply with these requirements is a proper ground for denying relief."). Even if the Court were to rely on plaintiff's statements in the memorandum, those statements do not identify specific facts that are essential for summary judgment. She fails to explain how a recording of the incident with Tukwila police officers is essential to preclude summary judgment on her Section 1983 claim, which she acknowledges is premised on the existence of a common practice, not an isolated event. See Dkt. # 36 at 9. Thus, plaintiff's request for a continuance is DENIED.

**B. Plaintiff's Section 1983 Claim**

Under § 1983, a local government cannot be held liable simply because its employees have violated an individual's constitutional rights. Rather, a municipality may be held liable for constitutional violations only when they occur as a result of the government's official "policy or custom." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). This rule ensures that municipalities are liable only for "acts that are, properly speaking, acts 'of the municipality.'" Pembauer v. City of Cincinnati, 475 U.S. 469, 480 (1986). Although discrete decisions by a government official with final policy-making authority may serve as "policymaking" by the government, id. at 481, the acts of subordinate employees are generally insufficient to create municipal liability under § 1983, Monell, 436 U.S. at 694. "A plaintiff cannot establish the existence of a *municipal* policy or custom based solely on the occurrence of a single incident or

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 3

unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (1989).

Once a plaintiff identifies conduct properly attributable to a municipality, the plaintiff must also demonstrate that the municipality was the "moving force" behind the plaintiff's injury. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997). A plaintiff must show that "the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. Here, plaintiff does not argue that there is a formal policy directing officers to tase suspects unlawfully. Dkt. 36 at 9. Rather, plaintiff's § 1983 claim depends on "whether a common practice existed or not." Id.

Absent a formal policy, plaintiff must show "the existence of a widespread practice. . . that is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992) (per curiam) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)). Such a custom or policy "may be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1233-34 (9th Cir. 2011) (internal quotation marks omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996); accord Meehan v. Cnty. of Los Angeles, 856 F.2d 102, 107 (9th Cir. 1988) (two incidents insufficient to establish custom or practice).

To support her contention that a widespread custom exists regarding unlawful use of a taser against suspects, plaintiff points to two unrelated incidents of allegedly

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 4

unwarranted and unlawful use of a taser.  The first involves the recent, highly publicized tazing of a 25-year-old bipolar man after he called 911 during a panic attack in June 2012.  Dkt. # 36-1 at 2-3.  The second incident involves a man who was tased four times by Tukwila police officers in June 2006.  Id. at 4-6.  Finally, plaintiff points to a blog posting about two men who were beaten during their arrest by Tukwila police officers in May 2012.  Id. at 7-8.  The Court finds that these isolated incidents are insufficient to establish municipal liability under § 1983.  See Trevino, 99 F.3d at 918.  Even if the Court were to construe the two tasing incidents identified by plaintiff as "evidence of repeated constitutional violations," plaintiff has failed to show that the officers involved in these incidents were not disciplined.  Nor has plaintiff shown that the City's failure to reprimand Sergeant Gurr caused her injuries.  Construing the facts in the light most favorable to plaintiff, the Court finds that plaintiff fails to show the existence of such a widespread practice that constitutes a policy with the force of law.

## II.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS the City's motion (Dkt. # 35).  Plaintiff's § 1983 claim against the City is hereby DISMISSED with prejudice.

DATED this 21st day of June, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT - 5