UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYESHA MITCHELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE CITY OF TUKWILA, *et al.*,<br><br>　　　　Defendants. | Case No.  C12-238RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION FOR<br>SUBPOENA |

This matter comes before the Court on defendant Steven Gurr's "Motion for Court-Issued Subpoena of CPS Records" (Dkt. # 52). Defendant Gurr seeks an order requiring the Washington Department of Social and Health Services ("DSHS") to produce unredacted copies of documents related Child Protective Services ("CPS") investigations of child abuse allegations involving Plaintiff. Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record, the Court finds as follows:

**I. BACKGROUND**

This case arises out of the February 2010 arrest of Plaintiff Myesha Mitchell by defendant Steve Gurr, a Tukwila police officer. Dkt. # 1. Ms. Mitchell claims she has suffered severe emotional distress as a result of Sergeant Gurr's alleged use of unreasonable force against her during the arrest. As part of her claims, Plaintiff argues

ORDER DENYING DEFENDANT'S MOTION
FOR SUBPOENA - 1

that the emotional trauma she suffered during her arrest caused her to spank her son so hard after he wet the bed one night that CPS investigated her for potential child abuse in March 2010.  Dkt. # 26 at 7; Dkt. # 53 at 10.[1]

Relying on Plaintiff's authorized records release, DSHS's various programs produced their records regarding Plaintiff to Defendant over the course of several months.  Dkt. # 53 at 5, 8.  Before Defendants received records from CPS, she testified during her deposition that the March 2010 incident was the first time that she was investigated by CPS for allegations of child abuse.  Dkt. # 53 at 11.  She also explained that she recently learned that there have been other reports regarding her alleged abuse of her son, but she testified that she did not know the content of the reports and she was never interviewed about the allegations.  Id. at 11-12.

Contrary to Plaintiff's deposition testimony, the CPS records suggest that Plaintiff was investigated and interviewed in 2007 based on reports that she hit her son.  Dkt. # 53 at 14-29.  Notably, the records suggest that she hit her son for wetting the bed in 2007.  Id.  Despite having received a full set of records from DSHS and CPS, Defendant now contends that he needs certified, unredacted copies of these same recordsto "clarify and simplify the evidentiary process at trial."  Dkt. # 52 at 7.

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."  Fed. R. Civ. P. 26(b)(1).  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  Id.

---

[1] Plaintiff and her counsel should take a second look at whether they really want to pursue this questionable line of damages because it opens up a line of impeachment evidence which has the potential to cause significant problems for Plaintiff.

ORDER DENYING DEFENDANT'S MOTION
FOR SUBPOENA - 2

It is within this context that the Court considers Defendant's motion.  Defendant argues that the CPS records related to prior investigations of Plaintiff are relevant both to the substance of Plaintiff's claims against Sergeant Gurr and her credibility.  Dkt. # 52 at 6.  The Court agrees.  Defendant, however, fails to establish good cause sufficient to warrant public disclosure of records made confidential by state and federal law.  Even though Defendant contends that the records are "heavily redacted," he concedes that "[e]ven with the redactions . . . the records paint a far different picture than Plaintiff told at her deposition."  Dkt. # 52 at 3.

While Defendant acknowledges that the small redacted sections of the records consist of the name of Plaintiff's minor son and identifying information of the people who reported the alleged child abuse, id., he fails to appreciate the state and federal policies favoring confidentiality of that information. For instance, 42 U.S.C. § 5106a(b) requires states to preserve the confidentiality of records regarding child abuse investigations to be eligible for federal funding.  42 U.S.C. § 5106a(b)(viii).  Similarly, 45 C.F.R. § 1340.14 requires states seeking certain types of federal funding to provide by statute that reports of child abuse allegations are confidential and unauthorized disclosure of that information is a criminal offense.  45 C.F.R. § 1340.14(i)(1).

Defendant also neglects the existence of state law that limits the disclosure of the information sought by Defendant.  E.g., RCW 74.04.060 (providing that DSHS records are privileged); RCW 13.50.100 (limiting disclosure of DSHS records of a minor child to the child, the child's lawyer, the parents, and the parents' lawyer absent a court order). Moreover, Washington law expressly allows DSHS to delete or redact the names of people who have reported alleged child abuse.  RCW 13.50.100(7)(c).

Defendant not only neglects to mention these statutes in his motion; he also fails to provide a substantive response to Plaintiff's arguments in his response.  Dkt. # 59 at 3. Rather, Defendant asserts generally that "there are all manner of records that are

ORDER DENYING DEFENDANT'S MOTION
FOR SUBPOENA - 3

statutorily protected, yet routinely disclosed in litigation." Id.  While this general statement may be true, Defendant does not provide a single reason why the Court should, in its discretion, decline to follow the guidance of the state and federal statutes in this particular case, particularly in light of the state legislature's express decision to permit DSHS to redact or delete the very information that Defendant seeks.  See RCW 13.50.100(7)(c).  Considering Defendant's motion in the context of Rule 26 and the policies favoring confidentiality of CPS records, the Court concludes that Defendant has not established good cause to warrant disclosure of unredacted CPS records.

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion for subpoena (Dkt. # 52) is DENIED.

DATED this 10th day of September, 2013.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S MOTION
FOR SUBPOENA - 4