UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYESHA MITCHELL,<br><br>                Plaintiff,<br><br>    v.<br><br>THE CITY OF TUKWILA, *et al.*,<br><br>                Defendants. | Case No.  C12-238RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS *IN LIMINE* |

This matter comes before the Court on "Plaintiff's Motion (sic) *in Limine*" (Dkt. # 64).  Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record and having considered the arguments presented during the pretrial conference, the Court finds as follows:

**1. Reference to Lawsuit as "Frivolous"**

Plaintiff's motion to exclude references to this litigation as "frivolous" or motivated by an intent to recover money is GRANTED IN PART.  Plaintiff appears to seek only that Defendants refrain from using the word "frivolous."  To the extent Plaintiff seeks to exclude argument that lawsuits against police officers or municipalities are frivolous in general, Defendants do not object.  With respect to this particular lawsuit, Plaintiff is seeking to recover compensatory and punitive damages and Defendant Officer Gurr has filed a counterclaim of malicious prosecution.  In light of

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 1

the scope of the parties' claims and the relief they seek, the Court finds that references to and arguments regarding Plaintiff's motivation for filing this lawsuit are relevant and probative of the issues remaining for trial.  Plaintiff's first motion *in limine* is therefore DENIED.

**2. Unlawfulness in Resisting Arrest**

Plaintiff seeks to exclude any argument that it is unlawful for an individual to resist arrest. Dkt. # 64 at 2.  In her reply however, she asks the Court to enter an order permitting her to argue that "she and all Washington State citizens are legally permitted to resist an arrest if there is an attempt to inflict bodily injury." Dkt. # 75 at 4.

As a preliminary matter, whether and to what extent Plaintiff was resisting arrest when Officer Gurr tased her is relevant and probative of whether Officer Gurr's use of force was reasonable or constituted excessive force. See Ninth Circuit Model Civil Jury Instruction  9.22.  That said, however, Plaintiff's request to be allowed to argue that resisting arrest is lawful is misplaced.

Plaintiff relies on State v. Valentine, 132 Wn.2d 1 (1997) for the proposition that it is lawful for an individual to resist arrest. Dkt. # 64 at 2.  In Valentine, the court held that "a person who is being unlawfully arrested has a right. . . to use reasonable and proportional force to resist an attempt to inflict injury on him or her during the course of an arrest, [but] that person may not use force against the arresting officers if he or she is faced only with a loss of freedom." 132 Wn.2d at 21.  This holding is inapplicable to the case at hand.  First, the Court has previously ruled that Officer Gurr had probable cause to make the arrest, dkt. # 33 at 5, and in its Order regarding Defendants' motions *in limine*, determined that Plaintiff may not present evidence otherwise.  Second, there is no indication that Plaintiff faced significant injury or more than a loss of freedom.

Furthermore, the Court is uncertain at this time whether Defendants intend to argue that resisting arrest in general is unlawful or whether Plaintiff plans to argue that

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 2

she was resisting arrest to avoid injury (as Plaintiff has not previously argued this theory). The Court DENIES Plaintiff's second motion *in limine* at this time.

### 3. Objections Made in Discovery or Settlement Discussions

The Court will exclude, as uncontested, references to objections to interrogatories, objections to requests for production, settlement negotiations, and the filing of Plaintiff's and Defendants' motions *in limine*.

In addition, however, Plaintiff seeks to exclude any reference to her refusal to answer questions during her deposition based on her Fifth Amendment right against incrimination. Dkt. # 64 at 2-3. Evidence that Plaintiff asserted her Fifth Amendment right during a deposition, without more, does not appear relevant to Plaintiff's § 1983 claim or her negligence, assault and battery claims, or Defendant Gurr's malicious prosecution claim. Because the parties have not presented the Court with specific information regarding Plaintiff's assertion of the privilege or how Defendants seek to use this evidence, the Court cannot conclude that this evidence has a tendency to make a fact of consequence more or less probable. This evidence is therefore excluded pursuant to Federal Rule of Evidence ("Rule") 402.

### 4. Evidence of Washington State Child Protective Services Records

Plaintiff asks the Court to exclude evidence related to prior allegations of child abuse and investigations conducted by Child Protective Services ("CPS") because the prejudicial nature of the evidence outweighs its probative value. Dkt. # 64 at 3. Plaintiff also contends that the CPS records regarding the investigations contain hearsay and are therefore inadmissible.

Plaintiff is seeking damages for extreme emotional distress she suffered as a result of the taser incident with Officer Gurr. In light of her specific claim that the incident caused her to spank her son when he wet the bed, which resulted in an investigation by CPS, dkt. # 26 at 7; dkt. # 53 at 10-11, the Court finds evidence relating

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 3

to prior incidents and investigations related to Plaintiff allegedly spanking her son are relevant both to her claim for damages and her credibility.  Although this evidence may be somewhat prejudicial to Plaintiff, the Court finds that the probative value of the evidence outweighs the risk of prejudice to Plaintiff.  The Court previously instructed Plaintiff that pursuing this line of argument would open the door to evidence that otherwise may be inadmissible under Rule 403, but Plaintiff continues to assert this specific claim.

With respect to Plaintiff's argument that the CPS records contain inadmissible hearsay, Defendants argue that the documents are admissible under Rule 803(8), which creates an exception to the hearsay rule for public records.  If the records are admissible, Defendants contend that the statements by Plaintiff constitute prior inconsistent statements under Rule 801(d)(1) and statements of a party-opponent under Rule 801(d)(2), and therefore, are admissible.  Dkt. # 69 at 3.

Although the CPS records meet the criteria for admissibility under the public records exception, Fed. R. Evid. 803(8), the statements in the CPS reports constitute hearsay and do not qualify for an exception to the rule against hearsay.  Fed. R. Evid. 805. Contrary to Defendants' contention, Plaintiff's statements set forth in the records are not prior inconsistent statements under Rule 801(d)(1)(A).  First, the records reflect the investigator's summary of what the Plaintiff said and what other witnesses reported Plaintiff said.  Second, the majority of the contents of the records is a summary of what Plaintiff and other witnesses said, not actual quotations from the interviewees.

The Court's decision, however, does not affect Defendants' ability to offer the CPS records for purposes other than the truth of the matter asserted, such as impeachment or to establish the fact that an earlier investigation occurred.  Furthermore, Defendants may elicit testimony from Plaintiff regarding previous investigations of

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 4

child abuse and spanking.  Plaintiff's fourth motion *in limine* is GRANTED IN PART and DENIED IN PART.

### 5. Reference to Plaintiff as a "Stripper" or "Exotic Dancer"

The Court GRANTS Plaintiff's fifth motion *in limine* seeking to prohibit references to Plaintiff's former employment as a "stripper" or "exotic dancer."  The parties shall refer to Plaintiff's prior position as "an adult entertainer working as a dancer at Deja Vu."

### 6. Testimony of Defendants' Expert Dr. Hamm

Plaintiff contends that Defendants' rebuttal expert witness, Dr. John Hamm, should be precluded from testifying because Defendants did not disclose him as an expert witness or provide his report before the rebuttal expert witness disclosure deadline set by the Court and Plaintiff did not have an opportunity to conduct discovery related Dr. Hamm.  Dkt. # 64 at 4.  Although Defendants' disclosure of Dr. Hamm's report was one day late, dkt. # 69 at 6, Plaintiff has not argued or shown that she was prejudiced by one day delay.  In addition, Plaintiff had an opportunity to depose Dr. Hamm, before or after the discovery cut-off, dkt. # 69 at 32, but failed to do so.  If Plaintiff was not available to depose Dr. Hamm on the days offered by Defendants, Plaintiff could have and should have sought leave of Court to depose him during the four months preceding trial rather than seeking to exclude his testimony.  The Court DENIES Plaintiff's sixth motion *in limine*.

### 7. Testimony of Expert Thomas F. Ovens

The Court DENIES Plaintiff's seventh motion *in limine*.  The Court finds that Mr. Ovens is qualified to testify as an expert and any alleged bias is a proper topic for cross-examination.

**8. Plaintiff's Criminal History**

Plaintiff seeks to exclude any reference to or evidence related to her criminal history and prior arrests. Dkt. # 64 at 4-5. In light of the type of damages Plaintiff seeks to recover, the Court finds that she has opened the door to evidence related to her criminal history and the number of times she has been arrested. Counsel may present evidence regarding the number of times Plaintiff has been arrested, the dates of those arrests, and the number of times she has been arrested or cited for Driving While License Suspended ("DWLS"). Balancing the probative value and the potential prejudice to Plaintiff, the Court finds that Defendants may not refer specifically to Plaintiff's arrests for prostitution or driving under the influence. Defendants may question Plaintiff about the August 2009 arrest and resulting impound of the Dodge Durango, but they may not refer to the circumstances surrounding the arrest.

Plaintiff's eighth motion *in limine* is GRANTED IN PART.

**9. Undisclosed Evidence**

The Court GRANTS Plaintiff's unopposed request to exclude evidence not previously disclosed as required by the Federal Rules of Civil Procedure. Plaintiff's ninth motion *in limine* is GRANTED.

**10. Exclusion of Witnesses**

Because Defendants do not object to Plaintiff's tenth motion *in limine*, dkt. # 69 at 10, the Court GRANTS Plaintiff's request. All non-party witnesses must remain outside of the courtroom until they are called to testify.

**11. Speculation about the Testimony of Unavailable Witnesses**

Plaintiff asks the Court to exclude arguments addressing what witnesses would have said had they been called to testify at trial. Dkt. # 64 at 6. To the extent that this request seeks to exclude speculation about the content of an absent or unavailable witness's testimony, Defendants do not object and the Court GRANTS Plaintiff's

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 6

motion. Dkt. # 69 at 10. However, the parties will be allowed to present arguments regarding the absence of evidence. Whether the parties will be permitted to argue why certain witnesses have not testified cannot be determined in the absence of information regarding particular witnesses and the evidence presented at trial.

Plaintiff's eleventh motion *in limine* is GRANTED IN PART and DENIED IN PART. Plaintiff's specific request to preclude arguments regarding the absence of specific witness testimony is DENIED without prejudice to her ability to raise the motion prior to closing arguments.

**12. Plaintiff's Past Receipt of Public Assistance**

Plaintiff seeks to exclude any reference or evidence related to Plaintiff's prior receipt of benefits including health and life insurance, unemployment benefits, social security, medicaid, and workers' compensation. Dkt. # 64 at 6. Plaintiff argues that this evidence presents a risk that the jury may conclude that she is not entitled to an award of damages because she is already receiving adequate compensation. Dkt. # 75 at 10.

In response, Defendants argue that Plaintiff's financial circumstances are relevant to her diminished earning capacity claim. Dkt. # 69 at 11. Because the Court has granted Defendants' tenth motion *in limine* regarding Plaintiff's responses to Defendants' requests for admission, Plaintiff is precluded from offering evidence that her earning capacity has diminished as a result of the tasing incident. Thus, Plaintiff's sources of income are no longer relevant to the claims remaining for trial and this evidence is excluded.

**13. Plaintiff's Testimony about Federal Taxes**

Finally, Plaintiff seeks to exclude evidence that she filed allegedly fraudulent tax filings because that information is not relevant. Dkt. # 64 at 6; Dkt. # 75 at 10. As the Court explained above, its ruling regarding Plaintiff's responses to Defendants' requests for admission decreases the relevance of Plaintiff's financial circumstances. Plaintiff

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 7

does not object to the admission of her tax records, dkt. # 75 at 10, but she asks the Court to exclude evidence suggesting that she filed fraudulent tax returns. To the extent that Defendants seek to introduce evidence that Plaintiff fraudulently claimed a deduction for her child, the Court finds that the risks that Plaintiff will suffer unfair prejudice and that it will cause jury confusion and wasted time outweighs what little probative value this evidence may have. Plaintiff's thirteenth motion *in limine* is therefore GRANTED.

For all of the foregoing reasons, Plaintiff's motions *in limine* (Dkt. # 64) are GRANTED IN PART and DENIED IN PART.[1]

DATED this 17th day of December, 2013.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER REGARDING
PLAINTIFF'S MOTIONS *IN LIMINE* - 8