UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYESHA MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF TUKWILA, *et al.*,<br><br>    Defendants. | Case No. C12-238RSL<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS *IN LIMINE* |

This matter comes before the Court on "Defendant's Motions *in Limine*" (Dkt. # 63) and "Defendants' Supplemental Motion *in Limine* Re: Yeoman Testimony" (Dkt. # 79). Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record and having considered the arguments presented during the pretrial conference, the Court finds as follows:

**1. Officer Gurr's Prior Disciplinary History**

Defendants seek to exclude evidence related to prior allegations against Officer Gurr that he used unlawful force as improper character evidence under Federal Rule of Evidence ("Rule") 404. Officer Gurr's prior disciplinary record reveals no sustained complaints of excessive force against Officer Gurr between January 2009 and February 2010 and no liability resulting from litigation. Plaintiff's § 1983 claim against the City of Tukwila (the "City") has been dismissed and the City's only remaining potential for

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 1

liability is under a theory of respondeat superior as Officer Gurr's employer.[1]  Whether the City had notice of any allegedly unlawful conduct is not relevant to the remaining claims against Officer Gurr and the Court finds that unsustained allegations of prior use of excessive force is prohibited under Rule 404(b).  Defendants' first motion *in limine* is GRANTED.

**2. Other Taser Applications by Tukwila Police Officers**

The only substantive claims remaining are Plaintiff's claims against Officer Gurr regarding his use of a taser when he arrested Plaintiff in February 2010.  These claims consist of negligent infliction of emotional distress, intentional infliction of emotional distress, or "outrage," use of excessive force, assault, battery, and general negligence. There are no substantive claims of negligence against the City remaining.  Evidence of Defendants' knowledge regarding prior, unrelated taser deployments by Tukwila Police officers other than Officer Gurr does not tend to make a fact of consequence more or less probable.  Defendants' second motion *in limine* is therefore GRANTED.

**3. Officer Gurr's Training History**

Despite Defendants' arguments to the contrary, the Court finds Officer Gurr's training records relevant to the issues remaining for trial.  While it is true that there is no negligent training or supervision claim against the City remaining, evidence regarding how and when Officer Gurr received taser training is relevant to Plaintiff's remaining claims against him.  The Court therefore DENIES Defendants' third motion *in limine*.

---

[1] Despite Plaintiff's repeated arguments to the contrary, the Court finds that there are no substantive claims of negligence against the City remaining. The City admits that Officer Gurr's conduct occurred during the course of and in furtherance of his employment, thereby foreclosing any claim of negligent training or supervision.  See LaPlant v. Snohomish Cnty., 162 Wn. App. 476, 479-80 (2011) ("Under Washington law, therefore, a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's actions occurred within the scope of employment.").

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 2

**4. Post-Arrest Contact with Tukwila Police Department**

Defendants seek to prevent Plaintiff from presenting evidence that Tukwila Police Department officers ignored Plaintiffs complaints about Officer Gurr's arrest and attempted to intimidate her after the incident. Dkt. # 63 at 2-3. Contrary to Defendants' arguments, the Court finds evidence regarding Plaintiff's post-arrest complaints to the City probative of Plaintiff's claims and Officer Gurr's malicious prosecution counterclaim. Defendants may pursue Plaintiff's "unsubstantiated" allegations of intimidation, dkt., # 63 at 3, during cross-examination.

**5. Plaintiff's Allegations about Treatment in Jail**

Defendants contend that testimony regarding the manner in which Plaintiff was treated while incarcerated following her arrest is not relevant and should be excluded under Rule 403 because it would unfairly influence the jury. Dkt. # 63 at 3. In light of the scope of Plaintiff's claim for emotional distress damages, the Court finds that the probative nature of evidence related to Plaintiff's incarceration outweighs the risk of undue prejudice. The precise nature of Plaintiff's alleged mistreatment in prison and Officer Gurr's role in that alleged mistreatment are proper subjects for cross-examination. Defendants' fifth motion *in limine* is DENIED.

**6. Tukwila Police Department Policies**

Although Plaintiff's Monell claim against the City has been dismissed, Tukwila Police Department policies regarding use of force and use of a taser are relevant and probative of whether Officer Gurr's conduct was negligent. The Court therefore DENIES Defendants' sixth motion *in limine*.

**7. Post-Arrest Joke by Officer**

Defendants seek to exclude references to and evidence that after Plaintiff was tased and arrested an officer on the scene said "moose move." Dkt. # 63 at 4-5. While it is true that Officer Gurr, the only individual defendant, did not make the comment and

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 3

the Plaintiff's § 1983 claim against the City was dismissed, evidence reflecting the officers' interactions at the time of and shortly after Plaintiff's arrest is relevant to Plaintiff's claims against Officer Gurr. This evidence shows the context of the events that are at the heart of this case. Thus, the Court finds that the probative value of the evidence outweighs the risks of unfair prejudice and jury confusion and DENIES Defendants' seventh motion *in limine.*

**8. Plaintiff's History of Arrests and Contacts with Police**

Defendants seek an order allowing them to present evidence regarding Plaintiff's prior arrests and criminal history because it is relevant to Plaintiff's state of mind at the time of the incident, her credibility, and her claim for damages. Dkt. # 63 at 5-11. Based on the broad nature of her claim for emotional distress damages, Plaintiff has opened the door to evidence related to her criminal history and the number of times she has been arrested. Counsel may present evidence regarding the number of times Plaintiff has been arrested, the dates of those arrests, and the number of times she has been arrested or cited for Driving While License Suspended ("DWLS"). Balancing the probative value and the potential prejudice to Plaintiff, the Court finds that Defendants may not refer specifically to Plaintiff's arrests for prostitution or driving under the influence. Defendants may question Plaintiff about the August 2009 arrest and resulting impound of the Dodge Durango, but they may not refer to the circumstances surrounding the arrest.

Defendants' eighth motion *in limine* is GRANTED IN PART.

**9. Non-Expert Testimony about Medical and Psychological Diagnoses**

Defendants seek an order prohibiting Plaintiff and other lay witnesses from testifying about Plaintiff's medical diagnoses based on what others told her about her condition. Dkt. # 63 at 11. Because statements by Plaintiff about what her medical providers told her constitute hearsay and Plaintiff has not identified an exception that

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 4

applies, the Court GRANTS Defendants' ninth motion *in limine*. Plaintiff is prohibited from offering testimony regarding what others may have told her about her medical condition to show the truth of those statements.

**10. Plaintiff's Responses to Requests for Admission**

Defendants seek to preclude Plaintiff from presenting evidence contrary to facts admitted by Plaintiff based on her failure to deny or object to Defendants' requests for admission in a timely manner. Dkt. # 63 at 11-13. It is well established under Ninth Circuit law that "failure to answer or object to a proper request for admission is itself an admission: the Rule itself so states." Asea, Inc. v. Southern Pacific Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1982). Rule 36(a) of the Federal Rules of Civil Procedure provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Additionally, "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P 36(b).

Plaintiff does not dispute that Defendants served their requests for admission on June 6, 2012, and she did not respond to these requests within thirty days as required. Dkt. # 70 at 10. Rather, Plaintiff contends that her untimely responses should be excused because Plaintiff's counsel filed a notice of unavailability on June 7, 2012. Id. Plaintiff, however, neglects the fact that this notice indicated that Plaintiff's counsel would be unavailable between June 28, 2012 and July 13, 2012. Dkt. # 18 at 1. Thus, Plaintiff's counsel had slightly more than three weeks to respond to Defendants' requests for admission. Because Plaintiff has not filed a motion asking the Court to withdraw her admissions, the matters in Defendants' requests for admission are deemed

conclusively established and Plaintiff may not present evidence or argument to the contrary.

Defendants' tenth motion *in limine* is GRANTED.

**11.  Existence of Probable Cause**

Based on the state court's multiple findings of probable cause and Plaintiff's own stipulation that Officer Gurr had probable cause to arrest her, the Court previously found that probable cause existed for Officer Gurr to arrest Plaintiff.  Dkt. # 33 at 5.  Thus, the Court GRANTS Defendants' eleventh motion *in limine*.  Plaintiff is prohibited from presenting evidence that Officer Gurr lacked probable cause to arrest Plaintiff when she was tased.

**12. Testimony of Plaintiff's Expert Sue Peters**

Defendants do not ask the Court to preclude Plaintiff's expert witness, Sue Peters, from testifying at all, but rather, they ask that the Court prohibit Ms. Peters from offering her opinion that Officer Gurr's use of the taser was unreasonable.  Defendants argue that this testimony is inappropriate because it invades the province is the ultimate issue for the jury to decide and Ms. Peters lacks specialized knowledge or training to support her conclusion.  Dkt. # 78 at 11.

The Court finds that it will likely qualify Ms. Peters as an expert in police practices based on her 29 years of experience working in law enforcement, most recently as a major crimes detective in the King County Sheriff's Office.  Dkt. # 63 at 45. Ms. Peters has the experience to provide the jury with informative testimony on considerations for determining "necessary" as opposed to "excessive" force.  While Ms. Peters may assist the jury in understanding the different factors that concern decisions regarding what constitutes necessary force, she will not be permitted to instruct the jury on the ultimate issue in this case, whether Officer Gurr's use of the taser was unreasonable or constitutes excessive force.  Nationwide Transport Finance v. Cass Info.

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 6

Sys., Inc., 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law. Similarly, instructing the jury as to the applicable law is the distinct and exclusive province of the court.") (internal quotation marks and citation omitted). Thus, while Ms. Peter's testimony may embrace an ultimate issue to be decided by the jury, Fed. R. Evid. 704(a), she may not give her opinion as to whether or not Officer Gurr's use of force was reasonable.

Defendants also seek to prohibit Ms. Peters from offering any opinions on matters about which her opinion was not originally sought. Dkt. # 63 at 15-16. Plaintiff contends that Ms. Peters' testimony is necessary to clarify Plaintiff's claims beyond excessive force. Dkt. # 70 at 14. Ms. Peters's testimony shall be limited to the contents of her expert report. Defendants' twelfth motion *in limine* is therefore GRANTED.

**13. Plaintiff's Negligence Claim**

The Court DENIES Defendants' thirteenth motion *in limine* seeking to exclude Plaintiff's negligence claim against Officer Gurr. Defendants did not move to dismiss this claim or seek summary judgment on this claim, nor have they presented any authority supporting their position. Plaintiff is therefore permitted to present alternative theories of liability to the jury.

**14. Plaintiff's Assault and Battery Claim**

The Court DENIES Defendants' fourteenth motion *in limine* seeking to exclude Plaintiff's assault and battery claims for the reasons set forth in response to Defendants' thirteenth motion *in limine*.

**15. Testimony of Liana Yeoman Regarding Post-Incident Interaction with Officer Gurr**

Defendants seek to exclude the testimony regarding Officer Gurr's interaction with Liana Yeoman, a barista who worked at the espresso stand at the gas station where

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 7

Plaintiff was arrested, after Plaintiff was arrested because it is irrelevant and unduly prejudicial. Dkt. # 79 at 1-2. Plaintiff plans to elicit testimony from Ms. Yeoman that Officer Gurr called her a scandalous barista, dkt. # 82 at 2, and she contends that this testimony is relevant because "this case relates in part as to how Sargent (sic) Gurr manages himself while on duty, specifically how he deals with the public at large." Id. While Ms. Yeoman's recollections of the day of the incident are relevant to the claims remaining, the Court finds that testimony regarding Officer Gurr's alleged comment is not. Furthermore, this evidence constitutes improper character evidence and therefore, is excluded pursuant to Rule 404(a)(1).

For all of the foregoing reasons, Defendants' motions *in limine* (Dkt. # 63, 79) are GRANTED IN PART and DENIED IN PART.[2]

DATED this 17th day of December, 2013.

*[signature]*

Robert S. Lasnik
United States District Judge

---

[2] The Court notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER REGARDING DEFENDANTS'
MOTIONS *IN LIMINE* - 8