UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MYESHA MITCHELL,

Plaintiff,

v.

THE CITY OF TUKWILA, *et al.*,

Defendants.

Case No. C12-238RSL

ORDER DENYING MOTION TO STRIKE DEPOSITION TESTIMONY

This matter comes before the Court on Plaintiff's "Notice of Objection and Motion to Strike the December 11, 2013 Deposition Testimony of Defendants' Expert John E. Hamm, M.D." (Dkt. # 84). Plaintiff seeks to exclude the perpetuation deposition of Dr. Hamm because the deposition was scheduled to take place after the Court's deadline for completing discovery and for reasons set forth in her motion *in limine* related to Dr. Hamm's testimony.[1] Having considered the parties' memoranda and supporting documents, and the remainder of the record, the Court finds as follows:[2]

---

[1] To the extent that Plaintiff relies on her motion *in limine* seeking to exclude the perpetuation deposition testimony of Dr. Hamm, the Court finds these arguments moot as the Court has denied Plaintiff's motion *in limine* related to Dr. Hamm.

[2] Although Defendants' opposition to Plaintiff's motion was filed after the deadline, see dkt. # 86, Plaintiff has not been prejudiced by the late submission and the Court has considered the opposition.

ORDER DENYING MOTION TO STRIKE - 1

(1) The deadline for completing discovery in this case was July 7, 2013. Dkt. # 15. Trial was initially scheduled to begin on November 4, 2013. Id. On October 29, 2013, the Court continued the trial date to January 6, 2014. Dkt. # 76.

(2) Federal Rule of Civil Procedure 32(a)(4) provides that the deposition of a witness may be used "for any purpose" at trial if he or she "is more than 100 miles from the place of hearing or trial or is outside the United States," or, "on motion and notice, that such exceptional circumstances make it desirable, in the interest of justice and with due regard to the importance of live testimony in open court, to permit the deposition to be used." Here, Defendants seek to use the video deposition of Dr. Hamm in lieu of live testimony because Dr. Hamm will be out of the country on the dates of trial. Dkt. # 96 at 2.

(3) There is no Ninth Circuit authority on the issue of whether perpetuation depositions are "discovery" depositions subject to the limits in the Federal Rules of Civil Procedure ("Rules") or "trial" depositions exempt from those strictures. Authority from other districts is scant and conflicting. See, e.g., Energex Enterprises, Inc. v. Shughart, Thomson & Kilroy, P.S., 2006 U.S. Dist. LEXIS 58395 (D. Ariz. 2006) (denying motion to conduct additional depositions); Estenfelder v. Gates Corp., 199 F.R.D. 351 (D. Colo. 2001) (permitting depositions); Integra Lifesciences I, Ltd. v. Merck KgaA, 190 F.R.D. 556, 558 (S.D. Cal. 1999) (denying motion for depositions). As this Court has previously explained, the Court finds more persuasive the cases holding that these depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and perpetuation depositions for trial. Mabrey v. Wizard Fisheries, Inc., No. C05-1499L, 2007 WL 1795033, at *2 (W.D. Wash. June 8, 2007). The Court therefore concludes that these depositions are subject to the time restrictions in the Rules and the Court's scheduling order.

ORDER DENYING MOTION TO STRIKE - 2

(4) However, based on the particular circumstances presented in this case, the Court finds good cause to extend the discovery deadline for this deposition. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the modification. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

(5) Here, Defendants did not learn of the need for a perpetuation deposition until several months after the discovery deadline had passed. Within a day of the Court's order continuing the trial date, Defendants inquired as to Dr. Hamm's availability and learned that he was scheduled to be out of the country and would therefore be unavailable to testify at trial. Dkt. # 97 at 4. Defendants promptly began conversations with Plaintiff to schedule the perpetuation deposition of Dr. Hamm. Id. Despite Defendants' diligence and attempts to work with Plaintiff to schedule Dr. Hamm's perpetuation deposition, Plaintiff failed to cooperate. Dkt. # 97 at 4, 6, 14. In light of the late continuance of this matter and Defendants' diligent efforts to arrange for Dr. Hamm's perpetuation deposition as soon as they became aware of the need for it, the Court finds good cause for taking this deposition after the discovery deadline. Zivkovic, 302 F.3d at 1087("The district court is given broad discretion in supervising the pretrial phase of litigation.") (quoting Johnson, 975 F.2d at 607).

For all of the foregoing reasons, Plaintiff's motion to strike the perpetuation deposition testimony of Dr. Hamm is DENIED.

1     DATED this 3rd day of January, 2014.

*signature*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STRIKE - 4